UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

CASE NO. 7:16-cv-160

JAMES W. CLOSE,

    Plaintiff,

vs.

ALON USA, LP, a Texas Limited
Partnership, d/b/a 7-11; and
WHATABURGER REAL ESTATE, LLC,
a Texas Limited Liability Company,

    Defendants.
_____/

## COMPLAINT

Plaintiff JAMES W. CLOSE (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues ALON USA, LP a Texas Limited Liability Company d/b/a 7-11 ("7-11") and WHATABURGER REAL ESTATE, LLC, a Texas Limited Liability Company, ("WHATABURGER"); (hereinafter, collectively referred to as "Defendants"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and Tex. Hum. Res. Code Ann. §121.001 et seq. ("THRC") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also

28 U.S.C. §2201 and §2202. This Court is vested with supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

**VENUE**

2.     The venue of all events giving rise to this suit is located in Ector County, Texas. Pursuant to Local Rules of the United States District Court for the Western District of Texas, this is the designated court for this suit.

**PARTIES**

3.     Plaintiff, JAMES W. CLOSE, is a resident of the State of Texas.  At the time of Plaintiff's visit to 7-11, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility.  Plaintiff specifically suffers from blindness due to glaucoma combined with mobility issues related to congestive heart failure (CHF); diabetic neuropathy in both hands and feet; loss of a toe on both feet; cardiac bypass surgery, loss of balance and implantation of a cardiac pacemaker and is therefore confined to his wheelchair. The Plaintiff personally visited 7-11 (hereinafter "Subject Facility") in April 2016, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within 7-11, which is the subject of this suit. . The Subject Facility is a convenience store serving merchandise, food and drink and Plaintiff desired to buy such goods, but was unable to because he personally encountered the discriminatory barriers enumerated in Paragraph 15 of this Complaint.

4.     In the alternative, Plaintiff, JAMES W. CLOSE, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

5.     Defendants, 7-11 and WHATABURGER, are authorized to conduct business and are in fact conducting business within the State of Texas. The

Subject Facility is located at 3700 Andrews Highway, Odessa, Texas. Upon information and belief, 7-11 is the lessee and/or operator of the Real Property and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. Upon information and belief WHATABURGER REAL ESTATE, LLC, is the owner and lessor of the Real Property where the Subject Facility is located and therefore held accountable for the violations of the ADA in the Subject Facility which is the matter of this suit.

## FIRST CAUSE OF ACTION: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this complaint, as are further explained herein.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

    i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

    ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting

    and access to public services and public facilities;

    iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

    i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10. Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 7-11 is a place of public accommodation by the fact it is a convenience store that sells merchandise/food/beverages to the general public, and therefore, must comply with the ADA. The Subject Facility is open to the public, its operations affect commerce and it is a sales establishment. See 42 U.S.C. Sec.. 12181 (7) and 28 C.F.R. 36.104. Therefore the Subject Facility is a public accommodation that

must comply with the ADA.

11. The Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at 7-11 located at 3700 Andrews Hwy., Odessa, Texas, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

12. Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13. Plaintiff shall suffer a future injury as Plaintiff intends to return and enjoy the goods and/or services at the Subject Facility within the next six months. The Subject Facility is in close proximity to Plaintiff's residence and is in an area frequently travelled by Plaintiff. Furthermore, Plaintiff will also return to monitor compliance with the ADA. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28

C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations which Plaintiff encountered and/or has knowledge of:

PARKING

a. The existing parking facility of the property servicing the main public entrance does not have the required number of disabled parking spaces. 2010 ADA Standards 502.1 and 502.3.

b. There are no access aisles serving any existing parking spaces which would allow safe entrance to building entrance. 2010 ADA Standards 502.2

c. There is currently insufficient accessible routes to help persons with disabilities safely maneuver through the parking facility as required in 2010 ADA Standards 502.3

d. Parking facility does not provide sufficient compliant disabled parking space. 2010 ADA Standards 208.2, 502.1

e. Existing facility does not provide accessible route to the main entrance door of the building from any site arrival point. 2010 ADA Standards 206.2, 401.1, 501.1

RESTROOMS

f. Light switch is installed in excess of the 48"maximum allowable height. 2010 ADA Standards 308.2.1

g. Pipes and sharp surfaces under sink are exposed. 2010 ADA Standards 606.5

h. No grab bars installed in toilet stall or grab bars improperly installed. 2010 ADA Standards 604.5

i. Door handles are of the round style requiring tight grasping and twisting of the wrist. 2010 ADA Standards 309.4

16. Upon information and belief there are other current violations of the ADA at 7-11. Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17. Upon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically

feasible. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

## **SECOND CAUSE OF ACTION: VIOLATIONS OF THRC, TEX. HUM. RES. CODE ANN. § 121.001 ET SEQ.**

21. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 20 of this complaint, as are further explained herein.

22. Pursuant to the THRC, "Persons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code §121.003(a). The THRC further provides, "The discrimination prohibited by this section includes a refusal to allow a person with a disability to use or be admitted to any public facility, a ruse or subterfuge calculated to prevent or discourage a person with a disability from using or being admitted to a public facility, and a failure to:

    (1) comply with Chapter 469, Government Code;

    (2) make reasonable accommodations in policies, practices, and procedures; or

    (3) provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility."

Tex. Hum. Res. Code §121.003(d).

23. "Public facilities includes…a retail business, commercial establishment, or office building to which the general public is invited; a college dormitory or other educational facility; a restaurant or other place where food is offered for sale to the public; and any other place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited." Tex. Hum. Res. Code Ann. § 121.002(5).

24. Defendants own or operate a public facility as defined in § 121.002(5).

25. A failure to comply with Chapter 469, Government Code, the Texas Architectural Barriers Act ("TABA") – and the 2012 Texas Accessibility Standards ("TAS") requirements adopted under the TABA – is a violation of the Tex. Hum. Res. Code § 121.003(d)(1). ." Tex. Hum. Res. Code Ann. § 121.003(d)(1).

26. In addition, the failure to "provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility" results in discrimination violative of the Tex. Hum. Res. Code Ann. § 121.003(d)(3).

27. Defendants have discriminated against Plaintiff in that they have denied individuals who are disabled the full use and enjoyment and access to its services in violation of the THRC, TABA and the 2012 TAS.

28. Defendants have discriminated against Plaintiff in that they have failed to provide

auxiliary aids and services necessary to allow the full use and enjoyment of its services by individuals who are disabled in violation of the THRC.

29. A person, including a firm, association, corporation, or other public or private organization, or the agent of the person, who violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability. Tex. Hum. Res. Code §121.004(b). Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

30. That this Honorable Court declare that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA;

31. That this Honorable Court enter an Order requiring Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

32. That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

33. That this Honorable Court award reasonable attorney's fees, all costs

(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff;

34. That this Honorable Court award to Plaintiff at least $300.00 for each violation of his civil liberties as provided for under Tex. Hum. Res. Code § 121.004(b); and

35. That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted by:

s/Ronald E. Stern
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff, JAMES W. CLOSE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

CASE NO.

JAMES W. CLOSE,

    Plaintiff,

    vs.

ALON USA, LP
a Texas Limited Partnership
dba 7-11; and

WHATABURGER REAL ESTATE, LLC
a Texas Limited Liability Company,

    Defendants.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 16th day of June, 2016, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF.  I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Ronald E. Stern
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff JAMES W. CLOSE

## SERVICE LIST:

JAMES W. CLOSE vs. ALON USA, LP
a Texas Limited Partnership dba 7-11; and
WHATABURGER REAL ESTATE, LLC
a Texas Limited Liability Company

### CASE NO:

United States District Court, Western District Of Texas, Midland Division

ALON USA, LP
a Texas Limited Partnership
dba 7-11

CT CORPORATION SYSTEM
1999 Bryan St
Suite 900
Dallas, TX 75201

**VIA PROCESS SERVER**


WHATABURGER REAL ESTATE, LLC
a Texas Limited Liability Company

Corporation Service Company dba
CSC – Lawyers Incorporating Service Company
211 E 7th Street
Suite 620
Austin, TX 78701


**VIA PROCESS SERVER**